[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant filed a Motion to Strike, dated July 1, 1998, asking the Court to strike Counts Two and Three of plaintiffs' complaint.
As to Count Two, the defendant claims that Connecticut law does not recognize a cause of action for loss of filial or parental consortium. As to Count Three, the defendant claims that Connecticut law does not recognize a claim for "Bystander Emotional Distress" for a mother with respect to the birth of her child.
I am aware of a decision rendered in the companion case to the instant case on these identical issues. Taylor Manville, etal, v. Lenora Williams. M.D., et. al., CV 97-65055, Tolland Judicial District, Memorandum of Decision on Motion to Strike, dated April 9, 1998, Hon. L. Paul Sullivan. (A copy of the decision is appended). The companion case was filed against the doctor, and this case was filed against the hospital, all arising out of the same incident.
I have carefully reviewed that decision, and the pleadings in both cases. I am persuaded by Judge Sullivan's decision. I therefore, adopt that decision in this case and rule accordingly.
I also point out that as to Count Two, the Connecticut Supreme Court ruled, two weeks ago, that this state does not generally recognize a derivative cause of action for loss of parent/child consortium. Mendillo v. Board of Education,246 Conn. 456 (August 25, 1998).
Accordingly, the defendant's Motion to Strike Count Two is granted.
As to count Three, I agree with Judge Sullivan's ruling that a mother is not a "bystander" in connection with the birth of her own child. However, I also agree with his ruling that Count Three actually sounds in Negligent (unintentional) Infliction of Emotional Distress. Therefore, even though the heading is inaccurate, the substantive language of Count Three, will stand, sounding in Negligent (Unintentional) Infliction of Emotional Distress.
To Summarize: CT Page 10522
1. Motion to Strike as to Count Two is Granted.
2. Motion to Strike as to Count Three is Denied.
BY THE COURT, Hon. Jonathan J. Kaplan